UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EBONY DUKES

        Plaintiff,
v.                                                            Civil Action No._____

CREDIT ACCEPTANCE CORPORATION, and
JOHN DOE CORPORATION,

        Defendants.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  PRELIMINARY STATEMENT

1. This is an action for damages arising out of the wrongful repossession of Plaintiff's automobile by Defendants.  Plaintiff asserts claims against Credit Acceptance Corporation under the New York Uniform Commercial Code, New York General Business Law §349, and the common law of the State of New York for wrongful repossession and conversion.  Plaintiff asserts a claim against John Doe Corporation for their violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C.1692, et seq.

### II.  PARTIES

2. Plaintiff Ebony Dukes is a natural person residing in the City of Rochester, County of Monroe, and State of New York.

3. Defendant Credit Acceptance Corporation ("Credit Acceptance") is a company duly organized, chartered and existing under and by virtue of the laws of the State of Michigan.

4. Credit Acceptance hired a company to repossess Plaintiff's automobile.  The name of that company is not known at this time.  Plaintiff has therefore named the repossession company as "John Doe Corporation."  Upon discovery of the name of the repossession company, Plaintiff will amend the name of John Doe Corporation to the actual name of the repossession company.

5. Upon information and belief, John Doe Corporation is a domestic corporation organized and doing business in the State of New York.

1

### III.  JURISDICTION AND VENUE

2.  Jurisdiction of this Court over Plaintiffs federal FDCPA claims against John Doe Corporation is conferred upon Defendant by 28 U.S.C.§ 1331.

3.  Plaintiff's claims against Credit Acceptance are so related to her claims against John Doe Corporation that they form part of the same case or controversy under Article III of the United States Constitution.  Accordingly, this Court has jurisdiction over Plaintiff's state law claims against CREDIT ACCEPTANCE pursuant to 28 U.S.C.§ 1367(a).

4.  That Plaintiffs are entitled to damages and to reimbursement of attorneys fees, exclusive of interest and costs, to a sum exceeding $75,000.00.

5.  Plaintiff and Defendant Credit Acceptance are citizens of different states.

6.  As an alternative basis for jurisdiction over Credit Acceptance, this Court has jurisdiction over Plaintiff's claims against Credit Acceptance pursuant to 28 U.S.C.§ 1332.

7.  That a substantial part of the events and omissions that give rise to this action occurred within this judicial district.  In addition, the Defendants have sufficient contacts within this district to subject it to the personal jurisdiction of this Court. As such, venue is properly laid in this district pursuant to 28 U.S.C. §1391.

### IV. FACTUAL ALLEGATIONS

6.  On or about March 16, 2016, Plaintiff Ebony Dukes entered into a retail installment agreement with On-Track Auto Sales to purchase a 2012 Volkswagen Passat. (hereinafter referred to as "the vehicle").

7.  The retail installment agreement provided that Plaintiff would pay a down payment of $1,500.00, and make monthly payments of $340.64 per month, for a period of four years to the lienholder.

8.  Almost immediately after signing the retail installment agreement, paying the required down payment, and taking delivery of the vehicle, the agreement was assigned to Credit Acceptance.

9.  That Plaintiff's obligation under the retail installment agreement arose out of a transaction in which money, services or property, and the subject of the transaction was primarily for personal, family and/or household purposes.  As such, said obligation is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

10. Plaintiff paid all of her payments timely until approximately August of 2017, when she missed one or more payments.  At that time, Credit Acceptance repossessed the vehicle.

11. After the vehicle was repossessed, Plaintiff paid Credit Acceptance her missed loan payments to bring it current. However, there were also approximately $500.00 in repossession costs that Plaintiff was liable to pay, which Plaintiff could not afford to pay in one lump sum.

12. Plaintiff and Credit Acceptance then agreed that Plaintiff would be permitted to pay the repossession costs back by paying monthly payments of approximately $35.00 per month. Pursuant to the parties agreement, Plaintiff's new loan payment was $375.00 per month.

13. Plaintiff paid all future loan payments, including the added amount for the repossession costs, through and including the payment due in November of 2017.

14. In September of 2017, Plaintiff noticed that there were mechanical problems with the vehicle. She took the vehicle to Felix's Garage at 285 Dewey Avenue, Rochester, New York to be repaired.

15. The vehicle remained on the premises at Felix's Garage until November 9. 2017.

16. On November 9, 2017, John Doe Corporation, at the direction of Credit Acceptance, repossessed Plaintiff's 2012 Volkswagen Passat.

17. At the time of the repossession, Plaintiff was current on her loan with Credit Acceptance.

18. In order to effect the repossession, John Doe Corporation trespassed upon the premises of Felix's Garage.

19. Plaintiff contacted Credit Acceptance upon learning that the vehicle had been repossessed, and demanded return of the vehicle.

20. Credit Acceptance informed Plaintiff that they would not return the vehicle unless Plaintiff paid the repossession costs associated with the November 9, 2017 repossession, which were approximately $500.00.

21. Plaintiff informed Credit Acceptance that she refused to pay the repossession costs associated with the November 9, 2017 repossession.

22. Credit Acceptance refused to return the vehicle to Plaintiff, and continued to retain possession of the vehicle.

23. Upon information and belief, Credit Acceptance subsequently sold the 2012 Volkswagen Passat at auction.

24. John Doe Corporation has never communicated with Plaintiff either by telephone or in writing.

25. Plaintiff has been renting a car, using taxi's, and ride sharing since her 2012 Volkswagen Passat was wrongfully repossessed at great expense to her.

26. Plaintiff cannot afford to continue to pay these expenses much longer. As such, she is anxious and upset about what will happen once she is no longer able to afford to pay for alternative means of transportation.

27. All of the above has caused Plaintiff so become upset, anxious, and to suffer from emotional distress.

28. Plaintiff has spent countless hours compiling documents and calling Credit Acceptance to attempt to explain to them that she has been current on her automobile lease agreement and to attempt to persuade them not to return her automobile. These calls have been extremely upsetting to the Plaintiff.

29. That as a result of Defendants actions as described herein, Plaintiff incurred significant pecuniary loss, including but not limited to rental and insurance charges for the replacement vehicles, ride share expenses, and other expenses she has been paying for since her vehicle was wrongfully repossessed.

30. That Credit Acceptance is vicariously liable for all of the acts of Defendant John Doe Corporation alleged in this complaint pursuant to the doctrine of respondeat superior.

**V.   CAUSE OF ACTION AGAINST JOHN DOE CORPORATION UNDER FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C.§1692 et seq.)**

31. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and realleged.

32. At the time that John Doe Corporation repossessed Plaintiff's 2012 Volkswagen Passat, she was not in default under her retail installment agreement with Credit Acceptance.

33. John Doe Corporation trespassed upon the premises of Felix's Garage to repossess the vehicle. At no time did they have the permission of Felix's Garage or the Plaintiff to repossess the vehicle.

34. Neither Credit Acceptance or John Doe Corporation had the right to repossess the Plaintiff's 2012 Volkswagen Passat because she was not in default under her retail installment agreement with Credit Acceptance.

4

35. The conduct of Defendant John Doe Corporation as described in this complaint violated 15 U.S.C.§1692(f)(6)(A) because they repossessed the 2012 Volkswagen Passat when there was no present right to repossess the vehicle.

36. That as a result of the Defendant's FDCPA violations described in this complaint, Plaintiff became nervous, anxious, upset, and suffered from emotional distress.

37. That as a result of the Defendants FDCPA violations described in this complaint, Plaintiff suffered actual damages, including but not limited to the pecuniary losses described in paragraphs 25 through 29 of this complaint after her 2012 Volkswagen Passat was wrongfully repossessed.

## VI.  CAUSES OF ACTION AGAINST CREDIT ACCEPTANCE CORPORATION

### Count I

### New York Uniform Commercial Code, Article 9 Claim and Common Law Breach of Contract Claim

38. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and realleged.

39. The Retail Installment Agreement entered into between Plaintiff and On-Track Auto Sales, and ultimately assigned to Credit Acceptance, is governed by Article 9 of the Uniform Commercial Code.

40. Credit Acceptance breached the Retail Installment Agreement with Plaintiff and defaulted thereunder by repossessing the 2012 Volkswagen Passat despite the fact that she had fully performed and made all required payments under the agreement through November of 2017, and then refusing to return the vehicle to Plaintiff thereafter.

41. As a result of Credit Acceptance's breach of contract and default, Plaintiff has suffered incidental and consequential damages, including but not limited to damages under Article 9 of the New York Uniform Commercial Code, any and all additional consequential or incidental damages, and damages for her emotional distress.

42. Upon information and belief, Retail Installment Agreement entered into between the parties provided that in the event of a default thereunder by Plaintiff, Credit Acceptance would have the right to recover reasonable attorneys fees incurred in collecting any amounts due under the Agreement.

43. Plaintiff is entitled to recovery attorneys fees from Credit Acceptance as a result of their default under the parties Retail Lease Agreement pursuant to New York General Obligations Law §5-327(2).

## Count III

### New York General Business Law §349 Claim

44. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and realleged.

45. The Defendants' actions described of herein, false, deceptive and misleading in that they had agreed to allow Plaintiff to own, possess, and use the 2012 Volkswagen Passat on the condition that she comply with the parties contract, yet they repossessed the vehicle despite Plaintiff's full compliance with that contract, as amended, through November of 2017, and thereafter refusing to return the vehicle to her without condition.

46. Upon information and belief, Credit Acceptance employed internal policies and procedures whereby they would repossess automobiles which they held a security interest in despite the borrower being current on the underlying loan agreement with them, and also fail to provide borrowers with an accurate notice of their right to redemption rights as required under New York General Obligations Law §7-401 and New York Personal Property Law §316.

47. That due to the deceptive and misleading nature of Plaintiff's actions directed towards Plaintiff, including their internal policies described herein, they have violated New York General Business Law §349.

48. Credit Acceptance's complained of herein were committed in the conduct of business, trade, commerce or the furnishing of service in this state and constituted a violation of NY GBL §349 independent of whether it also constituted a violation of any other law.

49. The Defendants' actions complained of herein, including their underlying policies that led to their actions, were consumer-oriented, involved deceptive acts and representations that have a broad impact upon the consuming public at large.

50. Plaintiff is entitled to statutory damages actual damages, and attorneys fees and disbursements as a result of Defendant's violation of General Obligations Law §349.

## Count IV

### Common Law Conversion Claim and Wrongful Repossession

51. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and realleged.

52. At the time Credit Acceptance repossessed the 2012 Volkswagen Passat, Plaintiff had a possessory right or interest in said vehicle.

53. When they repossessed the 2012 Volkswagen Passat, Credit Acceptance exercised dominion and control over said vehicle in derogation of Plaintiff's ownership and possessory rights therein, and without her consent, or the consent of the owner of the premises from which the vehicle was repossessed from.

54. Credit Acceptance has refused to return the 2012 Volkswagen Passat without condition despite Plaintiff's demand that they do so.

55. By reason of the foregoing, Credit Acceptance is liable in tort for conversion.

56. Credit Acceptance's tortious conversion of Plaintiff's interest in the 2012 Volkswagen Passat was accomplished by malice or reckless or willful disregard of the Plaintiff's rights.

57. That as a result of the Defendant's conduct described in this complaint, Plaintiff became nervous, anxious, upset, and suffered from emotional distress.

58. That as a result of the Defendants conduct described in this complaint, Plaintiff suffered actual damages, as described in detail elsewhere in this complaint.

**WHEREFORE**, Plaintiffs respectfully requests the following relief:

1. Plaintiff requests judgment against Defendant John Doe Corporation for:

    (a) Actual damages;

    (b) Statutory damages pursuant to 15 U.S.C. §1692k;

    (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d) For such other and further relief as may be just and proper.

2. Plaintiff requests judgment against Defendant Credit Acceptance Corporation for:

    (a) Actual, compensatory, consequential, and incidental damages under the New York Uniform Commercial Code, New York General Business Law §349, and the common law of the State of New York;

    (b) Statutory damages under the New York General Business Law §349;

    (c) The costs and disbursements of this action;

(d) Reasonable attorneys fees pursuant to New York General Obligations Law §5-327(2) and New York General Business Law §349;

(e) Punitive damages for Credit Acceptance's tortious conversion and wrongful repossession of Plaintiff's possessory interest in the 2012 Volkswagen Passat;

(f) Such other and further relief as this Court may deem just and equitable.

PLAINTIFFS DEMAND A JURY TRIAL ON ALL COUNTS AND ALL CAUSES OF ACTION.

Dated: February 5, 2018                    s/Kenneth R. Hiller_____
                                           Kenneth R. Hiller, Esq.
                                           Law Offices of Kenneth Hiller PLLC
                                           *Attorneys for the Plaintiff*
                                           6000 North Bailey Avenue, Ste. 1A
                                           Amherst, NY 14226
                                           (716) 564-3288
                                           Email: khiller@kennethhiller.com

.